## DAVID P. FALK v. GRANT ROSS AND ANOTHER.[1]

December 22, 1922.

No. 23,149.

**Rescission of contract for fraud.**

1. Action to rescind a contract for fraud. Record examined and held to justify the trial court in submitting the question of fraud to a jury and reserving all other issues for the court.

**Failure to submit general verdict waived by defendant.**

2. It appears from the record that the trial court submitted the question of fraud to the jury and reserved all other issues for the court and did not submit a general verdict. Held that, if there was any error in not submitting a general verdict, it was waived by the appellant.

**No error in charge nor in rulings on evidence.**

3. There was no error in the charge of the court in submitting the question of fraud to the jury, nor do we find any reversible error in the rulings upon the admissibility of evidence.

Action in the district court for Cottonwood county to rescind a contract, to recover $18,997.93 and interest, and for the cancelation of a promissory note for $6,000. The case was tried before Nelson, J., who at the close of the testimony denied defendants' motion for a directed verdict, made findings and ordered judgment in favor of plaintiff. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Henry M. Gallagher* and *Moonan & Moonan*, for appellants.

*O. J. Finstad* and *Albert R. Allen*, for respondent.

QUINN, J.

Action to rescind a contract of barter and trade on the ground of fraud, and to recover the property parted with. At the trial the issue of deceit was submitted to a jury and a finding of fraud as

[1]Reported in 191 N. W. 247.

alleged in the complaint was returned in favor of the plaintiff. Thereafter the trial court made findings of fact in detail and ordered judgment in favor of the plaintiff. From an order denying their alternative motion for judgment notwithstanding the findings of the jury, or for a new trial, defendants appeal.

Prior to May, 1921, defendants owned a garage building and business at Westbrook, in Cottonwood county. They held an exclusive agency for the handling of Ford cars and accessories in that locality and enjoyed an extensive business. The plaintiff owned a meat market place and equipment. He had entered into a contract of sale of his market and business with one Passmore, a competitor, for $5,500, and had received a down payment of $200 thereon. A lawsuit had arisen between the parties thereto, which was settled largely through the efforts of the defendants.

On May 12, 1921, plaintiff and defendants entered into a written agreement for an exchange of properties, by the terms of which plaintiff was to take defendants' garage at $10,000 and their stock, tools and accessories at invoice price, and the defendants were to transfer and assign their Ford agency to the plaintiff, the plaintiff to give, in payment therefor, a mortgage and note for $6,600 on the garage property, payable March 1, 1922, with interest at 8 per cent, and also convey his meat market property, together with all equipment contained therein, at the stipulated price of $5,300; and, should there be a balance when the invoice was taken, such residue was to be secured by an additional mortgage on the garage property. The deal was consummated and an exchange of properties had.

The material facts which go to make up plaintiff's alleged case of deceit as practiced upon him by defendants, are that, in making the invoice of the stock, tools and accessories, an old catalogue containing prices 20 per cent too high was deceptively used; that the defendants had no right nor authority to sell or agree to convey the Ford agency to plaintiff, as they represented and claimed to have; that said agency was figured into the deal at $4,000; that as a result of such false statements and representations, plaintiff agreed to and did actually give an excessive price for the property received from defendants, and that without the Ford agency the property so

acquired was of much less value than the price agreed upon, as the defendants well knew.

The contract was dated May 12. The invoice was taken and the contract fully executed and an exchange of properties had by May 18. On June 22 plaintiff caused a written notice of rescission of the contract to be served upon the defendants, tendered a reconveyance and a return of all the property which he had received, and demanded the return of the property with which he had parted or its value, with which demand the defendants refused to comply. The case was tried to a jury, and at the close of the testimony the issue of fraud was submitted to the jury and all other issues were reserved for the court. The question submitted to and answered by the jury was as follows:

Question: Was the plaintiff induced to enter into the contract Exhibit A by the false and fraudulent representations of the defendants? Answer: Yes.

Dated November 23, 1921.

In submitting this question the court told the jury, in effect, that unless they found that before entering the contract of exchange defendants stated and represented to plaintiff that they had authority to and could and would transfer or cause to be transferred to plaintiff the Ford agency, that such representations were false, and that plaintiff believed and relied upon them and was thereby induced to enter into the contract, they should answer the question in the negative. At the conclusion of its charge the court inquired of counsel whether there was any other matter which they would like to have called to the attention of the jury, and received a negative answer. In its findings of fact the court recites that: "By agreement of parties and order of the court, the issue of fraud raised by the allegations of the complaint and the denials of the answer was submitted to a jury, all other issues of law and fact being reserved for the decision of the court." While the defendants objected to the form of the question submitted to the jury, they acquiesced in the submission of the question of fraud, and the reserving of all other issues for the court without objection. Under such circum-

stances, when considered in connection with the statement of the court, which is not challenged, the error, if error it was, in not submitting a general verdict was waived.

On February 14, 1922, plaintiff, upon notice, moved for judgment as asked for in the complaint, and at the same time defendants moved for judgment in their favor, and if that be denied, for a new trial. The court denied defendants' motions, granted plaintiff's motion, made findings and ordered judgment as asked for in the complaint. A careful reading of the record satisfies us that the findings of the jury and the court are amply sustained by the proofs.

The assignments of error are many and are largely directed to rulings upon the admissibility of evidence and the charge of the court. A reading of the entire record discloses that the court made clear and impressed upon the jury that the burden was upon plaintiff to show that the statements and representations complained of were made, that they were knowingly false, and that, unless the jury so found, they should answer the question submitted to them in the negative. We find no error in the submission of that question. Nor do we discover any reversible error in the rulings upon the admissibility of evidence.

Affirmed.